UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SOCORRO DEJESUS,                                    :     MEMORANDUM DECISION
                                                    :           AND ORDER
                Petitioner,            :     04 Civ. 6687 (GBD)
                                                    :
       - against -                               :
                                                    :
JO ANNE B. BARNHART, Commissioner of                :
Social Security,                                    :
                                                    :
                Respondents.           :
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

       Plaintiff Socorro DeJesus seeks review of a final decision of the Commissioner of Social Security, pursuant to section 205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), denying plaintiff's application for disability insurance benefits. Plaintiff and defendant cross-moved for judgment on the pleadings. Fed. R. Civ. P. 12(c). The motions were subsequently referred to Magistrate Judge Frank Maas for a Report and Recommendation ("Report").

       Magistrate Judge Maas determined that there was substantial evidence to support the Administrative Law Judge's ("ALJ") conclusion that plaintiff did not have a listed impairment under Appendix 1 to Part 404, Subpart P, of Title 20 of the Code of Federal Regulations. Magistrate Judge Maas also found that because plaintiff did not challenge the ALJ's determination that plaintiff had the residual capacity to perform many jobs in the national economy, the ALJ's ultimate holding that plaintiff was not disabled should not be disturbed. Therefore, Magistrate Judge Mass recommended that defendant's motion for judgment on the pleadings be granted, and that plaintiff's motion be denied. Plaintiff filed timely objections to the Report. Specifically, plaintiff objects to the Report's finding that the ALJ's decision was

based on substantial evidence because the ALJ, in its decision, failed to carefully examine the medical evidence in the record and to fully consider the entire record.

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report.  28 U.S.C. § 636(b)(1).  When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made, id.; see also Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006), but is not required to conduct a *de novo* hearing on the matter.  United States v. Raddatz, 447 U.S. 667, 676 (1980).  "It is sufficient that the district court arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made . . . ." Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)).  The Court is obligated to exercise "sound judicial discretion with respect to whether reliance should be placed on [the magistrate judge's] findings," Am. Express Int'l Banking Corp. v. Sabet, 512 F.Supp. 472, 473 (S.D.N.Y. 2005), but "may adopt the uncontested portions of the report unless they show clear error." La Barbera v. A.F.C. Enterprises, Inc., 402 F.Supp.2d 474, 476-77 (S.D.N.Y. 2005).  With respect to the portions of the Report to which no objections were made, those findings are not clearly erroneous.  As to the portions of the Report to which plaintiff objects, this Court has considered the objections and finds them to be without merit.

Plaintiff filed a Social Security Administration ("SSA") application for disability benefits on the grounds that she was disabled as a consequence of depression, asthma, and allergies.  That application was denied by the state agency.  Thereafter, plaintiff requested, and was granted, a hearing before an Administrative Law Judge.  After a hearing was conducted, the ALJ found that

plaintiff had an affective disorder—a mood disorder NOS—but that this condition was not sufficiently severe to be a listing-level impairment under § 12.04 of Appendix 1. The ALJ further found that plaintiff had the capacity to perform a number of jobs in the national economy. Therefore, the ALJ denied plaintiff's claim for benefits because plaintiff was not disabled. After the Appeals Counsel denied further review, the ALJ's decision became final. Plaintiff subsequently sought judicial review of the ALJ's decision in this Court pursuant to 42 U.S.C. § 405(g).

The determination of the ALJ may only be reversed if it is "not supported by substantial evidence, based upon the entire administrative record." Jasinski v. Barnhart, 341 F.3d 182, 184 (2d Cir. 2003) (citation omitted). Substantial evidence is "'more than a mere scintilla,' and is 'such relevant evidence as [a] reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

Under the Act, a party is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The SSA has established a five-step process for determining whether a claimant is disabled. Butts v. Barnhart, 388 F.3d 377, 383 (2d Cir. 2004); 20 C.F.R. § 404.1520. Only the third step in this analysis is at issue here. The inquiry in this third step "is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Commissioner will consider him disabled without considering vocational factors such as age, education, and work experience." Rosa v. Callahan,

168 F.3d 72, 77 (2d Cir. 1999) (citations and alterations omitted).

An affective disorder is one "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic depressive syndrome." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04. To meet the required level of severity, the disorder must satisfy the requirements of both the "A" criteria and "B" criteria, *or* of the "C" criteria. Id. Here, the ALJ based its decision on a finding that plaintiff could not satisfy the requirements of her proffered "B" criteria.[1] Under this criteria, a claimant's disorder must result in at least two of the following: (1) Marked restriction of activities of daily living; (2) Marked difficulties in maintaining social functioning; (3) Marked difficulties in maintaining concentration, persistence, or pace; or (4) Repeated episodes of decompensation, each of extended duration. Id. A "marked" limitation, in turn, "is such as to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis." Id. at § 12.00(C).

In this case, there is sufficient evidence in the record that a reasonable mind might accept as adequate to support the ALJ's conclusion that plaintiff's condition did not meet the required level of severity to be considered a disability. The ALJ fully considered plaintiff's medical evidence. For example, plaintiff's treating physician stated that there was insufficient evidence to conclude that plaintiff was "disabled enough not to work." The physician further noted that plaintiff might "benefit from job training," that plaintiff's "disorders [were] treatable medical conditions," but that plaintiff had "no interest in taking [her] medications" and was "not honest in terms of informing us [of] her noncompliance." In addition, a psychiatrist that examined

---

[1] The ALJ did not address whether plaintiff satisfied the "C" criteria, and plaintiff did not argue this issue in her motion papers.

plaintiff concluded that plaintiff had "a satisfactory ability to understand, carry out and remember instructions, and . . . to respond appropriately to supervision, co-workers and work pressures in a work setting." And finally, a medical expert that examined plaintiff's medical records, and observed her testimony, rated plaintiff's activities of daily life, socialization, and concentration, persistence, and pace as only moderately impaired. The expert further testified that plaintiff was capable of doing simple, routine types of work with low levels of personal interaction. Several examples of jobs that plaintiff could perform were identified.

Therefore, there is sufficient evidence in the record to support the ALJ's conclusion that plaintiff was not disabled because her condition did not "interfere seriously with [her] ability to function independently, appropriately, effectively, and on a sustained basis."

The Court adopts Magistrate Judge Maas's Report and Recommendation. Defendants' motion for judgment on the pleadings is GRANTED. Plaintiff's cross-motion for judgment on the pleadings is DENIED.

Dated: New York, New York
       March 30, 2007

SO ORDERED:

GEORGE B. DANIELS
United States District Judge